IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERSHING LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**THOMAS KIEBACH,** *et al.*,<br><br>*Defendant.* | Case Number: _____<br><br><br>**COMPLAINT IN THE FORM OF MOTION TO CONFIRM ARBITRATION AWARD AND FOR JUDGMENT** |

      Plaintiff Pershing LLC files this complaint and moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* that this Court (1) confirm the arbitration award rendered by the FINRA Dispute Resolution Panel ("Panel") on November 3, 2014 ("Award") and (2) enter judgment based on the Award.

## PARTIES

      1.     Plaintiff Pershing LLC ("Pershing") is a broker-dealer that provides clearing services, on a fully disclosed basis, to other broker-dealers. Pershing is a limited liability company formed under the laws of Delaware, with its principal place of business in New Jersey, whose single member is a Delaware corporation with its principal place of business in New York.

      2.     Upon information and belief, Defendants are residents of various states:

          a.     Upon information and belief, Marcel and Margaret Dumestre are domiciled in Colorado.

          b.     Upon information and belief, Mamie Helen Baumann (through power of attorney Mamie C. Sanchez), Joseph Becker, Benton B Johnston Trust #1,

       Benton B Johnson Test TR II, Terence Beven, Linda Boyd, Jerry Burris, Anita Carter, Jim Chisholm, Patrick Comeaux, Kevin and Monica Courville, Carolyn Daniel, Kenneth Daniel, William Dawson, Fred Demarest, Cindy Dore, Leah Farr, Martin Fischer, Kendall Forbes, May Giambrone, Lynn Gildersleeve, Jon Goeckel, Loretta Goeckel, Jason Graham, Robert Graham, Charles Gruenwald, Patrick Haney, Charles Hart, Patsy Hebert, Donald Kenaley, Thomas Kiebach, Don Landers, Daniel and Dianna Landry, Merrill LaPlante, Ruth Lessing, Gregory Magee, Ronald Marston, Martha JC Johnson Gen Skpg Tr, Jean Anne Mayhall, Microchip ID Systems Pension Fund (by Jean Anne Mayhall and John Wade), Jacqueline Millet, Arthur Ordoyne, Lonnie Ordoyne, Bennie and Claudia O'Rear, Mary Ann Paternostro, Lynn Philippe, Power Packing Co. Inc. Agency, Richard Rathbone, James and Susan Roland, Jessie Romig, Julie Savoy, Robert Schwendimann, Bruce Smith, G. Rogers and Harriet Smith, Robert Smith, Rodney Starkey, James and Carol Stegall, Walter Bruce Stone, Terry Tarver, Lewis and Gail Unglesby, John Wade, Charles White, Kenneth Wilkewitz, Stephen Wilson, Martha Witmer, and Sharon Witmer are domiciled in Louisiana.

c. Upon information and belief, Bobby Nix and Margaret Nix are domiciled in Mississippi.

d. Upon information and belief, Kathleen Melilli is domiciled in Missouri.

e. Upon information and belief, Robert Gildersleeve is domiciled in Pennsylvania.

  f.  Upon information and belief, Mallory D'Amore and Ralph D'Amore are domiciled in South Carolina.

  g.  Upon information and belief, Royce Beauchamp, Roderick Danielson, Wallace DeHay, Cindy Gentry, Tommy Gentry, Gordon Gill, Nancy Gill, Barney Hallman, John Hutcherson, Kirk Oliver, Mary Oliver, and Monroe Rathbone are domiciled in Texas.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because complete diversity exists among the parties and more than $75,000 is at issue.

4. The Court has personal jurisdiction over each Defendant.  Most of the Defendants reside in the State of Louisiana.  Moreover, this action arises out of specific activities that each Defendant has undertaken in Louisiana—namely, bringing and participating in the FINRA arbitration in New Orleans, Louisiana.

5. Venue is proper under 28 U.S.C. § 1391 because the arbitration giving rise to this case was held in New Orleans, Louisiana.

## THE FINRA ARBITRATION

6. Each Defendant had an account introduced to Pershing through their broker-dealer, Stanford Group Company.  Each Defendant's account was subject to an arbitration agreement found in the Client and Margin Agreement.  *See* Ex. A, at 8 ¶ 24 (Exemplar Client and Margin Agreement) ("ANY CONTROVERSY BETWEEN YOU AND THE STANFORD GROUP COMPANY OR PERSHING SHALL BE SUBMITTED TO ARBITRATION BEFORE THE FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA)."). Moreover, each Defendant executed a submission agreement, either on June 6, 2013 or June 25

2013, in which they agreed to submit to FINRA arbitration.

7. Pershing also signed a submission agreement, dated October 9, 2013, in which it agreed to arbitrate with Defendants.

8. Defendants filed their Statement of Claim in the FINRA arbitration on June 6, 2013.

9. In their claims, Defendants sought to recover as damages their losses in the R. Allen Stanford Ponzi scheme in the amount of $80,000,000.

10. A hearing was held in New Orleans, Louisiana, starting on October 6, 2014 and ending October 16, 2014.

11. During the hearing, the Panel heard testimony from fifteen witnesses and received hundreds of exhibits from both Pershing and Defendants.

12. On November 3, 2014, FINRA served Pershing and Defendants with the Panel's Award. *See* Ex. B (Award).

13. In the Award, the Panel denied Defendants' claims "in their entirety." *See* Ex. B, at 4.

14. Also in the Award, the Panel ordered Pershing to pay Defendants $10,000.00, which represents the costs of having to examine a witness in New York City on October 7, 2014. *See* Ex. B, at 4. Pershing has paid this award to Defendants' Counsel.

## THE COURT'S AUTHORITY UNDER THE FEDERAL ARBITRATION ACT

15. When the arbitration agreement between the parties does not specify otherwise, a federal district court for the district in which an award was made has the authority to confirm the award. 9 U.S.C. § 9.

16. Here, the Award was made in New Orleans, Louisiana, which is in this district.

17. Additionally, 9 U.S.C. § 9 requires that a motion to confirm an award must be made within one year after an award is made.

18. Here, the Award was made on November 3, 2014, which is less than one year from the date on which this complaint is filed.

19. This Court therefore has the authority to confirm the Award under 9 U.S.C. § 9 and to enter judgment under 9 U.S.C. § 13.

**WHEREFORE**, Pershing respectfully requests that this Court grant the following relief:

1. Confirm the Award entered by the Panel dated November 3, 2014;

2. Enter judgment that Pershing is not liable on Defendants' claims but must pay Defendants $10,000.00 to reimburse the costs of examining a witness in New York City; and

3. Grant any further relief that the Court deems just and equitable.

*/s/ Lana D. Crump*
Lana D. Crump (#23707)
Katie D. Bell (#29831)
KEAN MILLER LLP
Post Office Box 3513 (70821)
Baton Rouge, LA 70802
(225) 387-0999
(225) 388-9133 Fax

Thomas M. Farrell
Texas Bar Number 06839250
*Pro Hac Vice*
MCGUIREWOODS LLP
600 Travis St., Suite 7500
Houston, TX 77002
(713) 571-9191
(713) 571-9652 Fax

*Attorneys for Pershing LLC*