UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PERSHING LLC**                                              **CIVIL ACTION**

**VERSUS**                                                    **No. 14-2549**

**THOMAS KIEBACH ET AL.**                      **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendants to dismiss the above-captioned matter pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Plaintiff, Pershing LLC ("Pershing"), opposes[2] the motion. For the following reasons, the motion is **DENIED**.

### BACKGROUND

Pershing is a limited-liability company that provides financial services to brokerage firms.[3] Defendants each entered into a "Client and Margin Agreement" with Pershing, which made Pershing "the carrier of the accounts of [defendants] as clearing broker."[4] Each account was subject to an arbitration agreement which stated that disagreements between the parties would be submitted to arbitration before the Financial Industry Regulatory Authority ("FINRA").[5]

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 28.
[3] R. Doc. No. 1, ¶ 1. Pershing is incorporated in Delaware with its principal place of business in New Jersey. Its single member is a Delaware corporation with its principal place of business in New York. R. Doc. No. 1, ¶ 1.
[4] R. Doc. 1-1, at 2.
[5] R. Doc. No. 1, ¶ 6; R. Doc. No. 1-1, at 3.

In connection with its financial services, Pershing was also the clearing broker for the Stanford Group Company, a broker-dealer that allegedly sold worthless securities to defendants.[6] Defendants filed a statement of claim with FINRA seeking to recover compensatory damages in the amount of $80,000,000.00, their alleged losses in the R. Allen Stanford Ponzi scheme.[7] Arbitration of defendants' claims occurred in New Orleans, Louisiana in October 2014.[8] On November 3, 2014, the FINRA arbitration panel denied all of defendants' claims "in their entirety" and ordered Pershing to pay defendants "$10,000.00, which represents the costs of having to examine a witness in New York City on October 7, 2014."[9]

On November 7, 2014, Pershing, claiming diversity jurisdiction, filed a complaint in this Court "in the Form of [a] Motion To Confirm Arbitration Award and for Judgment" pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*[10] Defendants then filed a motion asserting that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed the $75,000 threshold required by 28 U.S.C. § 1332.[11] At the same time, defendants also filed an answer and counterclaim seeking to vacate the award.[12] The counterclaim is expressly conditioned on the Court finding that it has subject matter jurisdiction and denying defendants' motion to dismiss.[13]

## LAW AND ANALYSIS

"Federal courts have limited jurisdiction, and a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate

---

[6] R. Doc. No. 1, ¶¶ 6-9.
[7] R. Doc. No. 1, ¶ 9.
[8] R. Doc. No. 1, ¶ 10.
[9] R. Doc. No. 1, ¶¶ 13-14.
[10] R. Doc. No. 1, at 1 (emphasis and capitalization altered).
[11] R. Doc. No. 23.
[12] R. Doc. No. 24.
[13] R. Doc. No. 24, at 1-2.

the claim." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 374 (5th Cir. 2007) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "The burden of establishing subject matter jurisdiction in federal courts rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

"It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004). Rather, the FAA authorizes a district court to consider arbitration-related matters[14] "if the court would have jurisdiction, save for [the arbitration] agreement, over a suit arising out of the controversy between the parties." *Vaden v. Discover Bank*, 556 U.S. 49, 52 (2009) (internal quotation marks omitted) (alterations in original). Pershing claims that diversity is an independent basis of jurisdiction over this matter,[15] and the parties do not dispute that complete diversity of citizenship exists.[16] Accordingly, the only issue is whether the amount in controversy exceeds the $75,000 threshold.

---

[14] For example, the FAA allows Courts to compel arbitration, 9 U.S.C. § 4, or confirm arbitration awards. 9 U.S.C. § 9. The FAA also allows parties to move to vacate, modify, or correct an award. 9 U.S.C. § 12.
[15] R. Doc. No. 1, ¶ 3.
[16] *See* R. Doc. No. 1, ¶ 2; R. Doc. No. 23, at 3; R. Doc. No. 24, at 3, ¶ 2; *see also* R. Doc. No. 28, at 4 n.1.

A federal district court has jurisdiction to hear a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states. 28 U.S.C. § 1332(a). Where the plaintiff has claimed, as in this case, "a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In such cases, "[t]o justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *Allen*, 63 F.3d at 1335.

"Among the circuits, there is a split of authority as to the basis for determining the amount in controversy in a suit to confirm or vacate an arbitration award," and "the Fifth Circuit has not considered the issue." *U-Save Auto Rental of Am. Inc. v. Furlo* (*U-Save I*), 608 F. Supp. 2d 718, 720-21 (S.D. Miss. 2009). The D.C. Circuit recently recognized that "other circuits have used three different approaches to this question: the award, the demand and the remand approaches." *Karsner v. Lothian*, 532 F.3d 876, 882 (D.C. Cir. 2008). "Under the award approach, the amount in controversy is determined by the amount of the underlying arbitration award regardless of the amount sought." *Id.* "Pursuant to the demand approach, the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded." *Id.* "The remand approach appears to apply if the petition includes a request to remand and reopen the arbitration proceeding, in which case the amount in controversy is the amount sought in the underlying arbitration." *Id.*

Pershing argues that the Court should apply the demand approach,[17] and defendants argue that the Court should apply the award approach.[18] The remand approach, which Pershing describes as a corollary to the award approach,[19] is inapplicable because Pershing's complaint does not ask the Court to re-open arbitration but, rather, to confirm the arbitration that has already taken place.[20] *Cf. Mitchell v. Ainbinder*, 214 F. App'x 565, 566 (6th Cir. 2007) ("Where, as here, the petitioner seeks to reopen the arbitration, the amount in controversy 'includes the matter at stake in the arbitration.'"); *Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005) ("[A] federal court has subject matter jurisdiction where a party seeking to vacate an arbitration award is also seeking a new arbitration hearing at which he will demand a sum which exceeds the amount in controversy for diversity jurisdiction purposes."); *Sirotzky v. N.Y. Stock Exchange*, 347 F.3d 985, 989 (7th Cir. 2003) ("[T]he amount in controversy in a suit challenging an arbitration award includes the matter at stake in the arbitration, provided the plaintiff is seeking to reopen the arbitration."); *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 329 (1st Cir. 2000) ("[T]he jurisdictional amount is met here for several reasons: the remand sought . . . meant that [defendant] might recover the sums he sought, in excess of $75,000, and, in any event, the issue of benefits, with a value in excess of $75,000, remained to be arbitrated.") (footnote omitted). Defendants' counterclaim does not alter this conclusion because it is expressly conditioned on the Court denying their motion to dismiss and, therefore, the counterclaim is irrelevant for the purpose of deciding this motion.[21] Moreover, defendants' counterclaim does not request that the Court reopen the arbitration proceedings.

---

[17] R. Doc. No. 28, at 4-14.
[18] R. Doc. No. 23-2, at 4-6.
[19] R. Doc. No. 28, at 5-6.
[20] R. Doc. No. 1, at 5.
[21] R. Doc. No. 24, at 1-2.

Under the award approach, used by the Sixth and Eleventh Circuits, there is no question that the Court would *lack* subject matter jurisdiction over this case because, as stated, the FINRA arbitration panel awarded defendants only $10,000.00.[22] *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1472 (11th Cir. 1997) ("The maximum remedy sought by the Baltins was the vacatur of the arbitration award of $36,284.69. Diversity jurisdiction did not exist because it was a 'legal certainty' that the amount in controversy was less than $50,000, the amount required for federal jurisdiction at the time the Baltins filed suit.") (footnote omitted); *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 260 (6th Cir. 1994) ("Mr. Ford's complaint alleges that the arbitration panel awarded Hamilton Investments $26,666.63, plus $3,857.53 in interest. The total of these figures obviously does not exceed $50,000 . . . . A claim for vacation of an arbitral award in the amount of $50,000 or less is not sufficient for diversity jurisdiction."); *cf. Fernicola v. Toyota Motor Corp.*, 313 F. App'x 408, 409 (2d Cir. 2009) ("[T]here was no basis for the district court to add potential damages from [a counterclaim dismissed by the arbitrator] to the damages Appellant actually sought in his complaint, i.e., relief from having to pay approximately $47,000.").

Under the demand approach, used by the Ninth and D.C. Circuits, the Court would *maintain* subject matter jurisdiction over this case because defendants sought $80,000,000.00 in compensatory damages in the underlying arbitration.[23] *See Karsner v. Lothian*, 532 F.3d 876, 884 (D.C. Cir. 2008) ("[W]e adopt the demand approach . . . ."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moore*, 171 F. App'x 545, 546 (9th Cir. 2006) ("'[T]he amount at stake in the underlying litigation, not the amount of the arbitration award, is the amount in controversy for the purposes of diversity jurisdiction.' . . . The arbitration award granted $75,000 to Merrill Lynch as well as denied various counterclaims, including Moore's claim for $2,000,000 in

---

[22] R. Doc. No. 1, ¶¶ 13-14.
[23] R. Doc. No. 1, ¶ 9.

compensatory damages.") (quoting *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)).[24]

The few district courts within the Fifth Circuit which have considered this issue have not arrived at a consensus. *See, e.g.*, *Curbelo v. Hita*, No. 09-133, 2009 WL 2191084, at *5 (W.D. Tex. July 22, 2009) ("[T]he Court concludes that when an applicant seeks only to confirm a prior arbitration award in federal court, and asserts § 1332 diversity as the independent basis for federal jurisdiction, the amount in controversy is to be calculated according to the size of the award sought to be confirmed."); *U-Save I*, 608 F. Supp. 2d at 720-23 (discussing the demand approach favorably and quoting *Karsner*, 532 F.3d at 883-84); *Mannesmann Dematic Corp. v. Phillips, Getschow Co.*, No. 00-2324, 2001 WL 282796, at *2 (N.D. Tex. Mar. 16, 2001) ("In the absence of any controlling Fifth Circuit authority, this court will adopt the [award] approach taken by the Sixth and Eleventh Circuits in cases substantially similar to the one at bar.").

Given the absence of any guiding Fifth Circuit authority, the split between other circuit courts, and the lack of consensus among district courts within the Fifth Circuit, the Court must decide an undecided question of law in this circuit. Each approach has strengths and weaknesses, and the issue is one that will be resolved by the Fifth Circuit. However, having considered the above-cited thoughtful opinions, the Court finds that the demand approach is more appropriate.

---

[24] *See also Bad Ass Coffee Co. of Haw. v. Bad Ass Coffee Ltd. P'ship*, 25 F. App'x 738, 742-43 (10th Cir. 2001). Two U.S. District Courts within the Tenth Circuit have interpreted *Bad Ass Coffee*'s approach differently. One court has held that the Tenth Circuit follows the demand approach, and another has held that it follows the award approach. *Compare HomeQuest Mortg., LLC v. HRB Tax Grp., Inc.*, No. 14-2008, 2014 WL 3845147, at *3 (D. Kan. Aug. 5, 2014) ("[T]he Court believes the Tenth Circuit has adopted a 'demand'-based standard that district courts must use to determine the amount in controversy in actions seeking to confirm or vacate arbitration awards."), *with Guerzon v. Gen. Steel Domestic Sales, LLC*, No. 11-014161, 2011 WL 3608451, at *1 (D. Colo. Aug. 15, 2011) (citing *Bad Ass Coffee* to find that "the amount in controversy appears to be less than $20,000 when considering the award to Plaintiffs minus the amount they must pay to Defendants for costs and fees.").

This Court need not blind itself to the actual implications of this case on the basis of technical distinctions. Pershing asks this Court to enter an enforceable judgment confirming the arbitrators' determination that defendants are not entitled to their claimed $80,000,000.00 in damages, but only $10,000.00 in arbitration-related costs.[25] Although a myopic view of this case would indicate that only $10,000.00 is presently at stake, the reality is that Pershing's petition to confirm the arbitration award is but the last stage of litigation that began with the arbitration before the FINRA arbitration panel. *Cf. Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) ("In considering the jurisdictional amount requirement [regarding a petition to compel arbitration] the court should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in a litigation which seeks as its goal a judgment affirming the award.") (quoting *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)); *see also Karsner*, 532 F.3d at 884 ("[U]nlike the award approach, the demand approach permits the district court to exercise jurisdiction coextensive with the 'diversity jurisdiction that would have otherwise been present if the case had been litigated rather than arbitrated.'") (quoting *Bull HN*, 229 F.3d at 329).

The Court is particularly troubled that adopting the award approach would promote needless litigation and gamesmanship. Had either party moved to compel arbitration before it began, the Court clearly would have had jurisdiction to entertain a motion to confirm a resulting arbitration award of any size. *See U-Save Auto Rental of Am. Inc. v. Furlo* (*U-Save II*), 368 F. App'x 601, 602 (5th Cir. 2010); *Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d

---

[25] R. Doc. No. 1, at 5 ("Pershing respectfully requests that this Court grant the following relief: 1. Confirm the Award entered by the Panel dated November 3, 2014; 2. Enter judgment that Pershing is not liable on Defendants' claims but must pay Defendants $10,000.00 to reimburse the costs of examining a witness in New York City; and 3. Grant any further relief that the Court deems just and equitable.").

171, 175-76 (4th Cir. 2007); *see also Karsner*, 532 F.3d at 883 ("The award approach would apply two different jurisdictional tests depending on the action the petitioner seeks, resulting in jurisdiction over a petition to compel arbitration of a claim but not necessarily over a petition to confirm/vacate an arbitration award arising from the same claim."). Were it to adopt the award approach, this Court would force litigants to file potentially frivolous or unnecessary motions to compel arbitration in order to preserve their right to a federal forum for review of the eventual award. Conversely, adopting the demand approach ensures that federal courts will be able to entertain "dispute[s] [that are] sufficiently important to warrant federal-court attention," *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005), without requiring litigants to jump through needless procedural hoops.

The Court finds that the amount in controversy for the purpose of establishing diversity jurisdiction over a motion to confirm an arbitration award corresponds to the amount of the demand in the underlying arbitration. Defendants' demand for $80,000,000.00 exceeds the jurisdictional threshold of 28 U.S.C. § 1332(a). Accordingly, this Court has subject matter jurisdiction in the above-captioned matter.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1292(b), this Court finds that this order and reasons involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order and reasons may materially advance the ultimate termination of this ligation. *See Linton v. Shell Oil Co.*, 563 F.3d 556, 557-58 (5th Cir. 2009). The controlling issue of law is the proper method of determining the

amount in controversy for the purpose of establishing diversity jurisdiction over a petition to confirm an arbitration award. As described above, there are substantial grounds for a difference of opinion. Circuit courts outside of this circuit, as well as district courts within the Fifth Circuit, which have considered this issue have taken different approaches. The Court finds that an immediate appeal may materially advance the ultimate termination of this litigation because a decision by the Fifth Circuit that reverses this order and reasons would immediately terminate litigation in the above-captioned matter due to a lack of subject matter jurisdiction, thereby potentially saving the parties and the Court a great deal time of time, effort, and expense that would otherwise be required with respect to the forthcoming motions practice and voluminous filings directed at the merits of the case. Furthermore, an immediate appeal may also materially advance the ultimate termination of parallel litigation that is currently pending in the U.S. District Court for the Middle District of Louisiana, which involves a similar question of law.[26]

New Orleans, Louisiana, April 22, 2015.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[26] *Kiebach v. Pershing LLC*, Civil Action No. 15-66 (M.D. La. filed Feb. 9, 2015); *see also* R. Doc. No. 28, at 13-14.