UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERSHING LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2549**<br>**REF: ALL CASES** |
| **THOMAS KIEBACH ET AL.** | **SECTION I** |

## ORDER AND REASONS

In this consolidated action, Pershing LLC seeks to confirm an arbitration panel's decision in its favor. The defendants, "Louisiana Retirees," seek to vacate the arbitration panel's decision. Before the Court is a motion[1] filed by Pershing LLC asking this Court to overturn in part the U.S. Magistrate Judge's order compelling Pershing to produce certain discovery. The order of a Magistrate may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). For the following reasons, the motion is denied.

### I.

"In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 211 (5th Cir. 2016) (citation omitted). "Under this review, an award may not be set aside for a mere mistake of fact or law." *Id.* "Instead, Section 10 of the FAA provides the only grounds upon which a reviewing court may vacate an

---

[1] R. Doc. No. 89.

arbitrative award." *Id.* Section 10 of the FAA provides the following grounds for vacating an award:

1) where the award was procured by corruption, fraud, or undue means;

2) where there was evident partiality or corruption in the arbitrators, or either of them;

3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Louisiana Retirees assert multiple bases for vacatur in this lawsuit. Relevant to the present motion, they claim that the arbitration panel made an erroneous evidentiary ruling denying them discovery of certain documents possessed by Pershing over which Pershing had no valid privilege. Further, they claim the panel made a procedural error by failing to review the contested documents *in camera* before making its decision regarding discoverability. The Louisiana Retirees claim that the errors evidence (1) partiality in the arbitrators, (2) that the panel exceeded its powers, and (3) that the arbitration proceeding was fundamentally unfair,[2] all of which are grounds for vacating an arbitration award.

---

[2] *See Gulf Coast Indus. Workers Union v. Exxon* Co., *USA*, 70 F.3d 847, 850 (5th Cir. 1995) (Court deciding whether to vacate an arbitration award under the FAA must ask "whether the arbitration proceedings were fundamentally unfair").

The Fifth Circuit has addressed similar evidentiary arguments in the context of a motion to vacate an arbitral award. As it stated in *Karaha Bodas Co.*:

> An arbitrator is not bound to hear all of the evidence tendered by the parties. He must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments. It is appropriate to vacate an arbitral award if the exclusion of relevant evidence deprives a party of a fair hearing. Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award. A federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings.

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 300-301 (5th Cir. 2004) (quotations and citations omitted).

## II.

Before the Court decides whether to vacate or confirm the arbitration panel's decision, the first question raised is whether the Louisiana Retirees are entitled to discovery before this Court. Pershing argues that they are not and the Louisiana Retirees argue that they are. The Court referred[3] this issue to Magistrate Judge North. He ordered[4] briefing by the parties and he held a hearing.[5] Following the hearing, Magistrate Judge North granted in part and denied in part the Louisiana Retirees' discovery request. *See* R. Doc. No. 85. Magistrate Judge North's order provided:

> For the reasons stated more fully in open court, from the first category of documents sought by the Louisiana Retirees, Pershing is to produce the documents that were reviewed and were ordered to be produced in the *Weatherly* matter.

---

[3] R. Doc. No. 56.
[4] R. Doc. No. 68.
[5] R. Doc. No. 85.

>   With respect to the second category of documents sought, Pershing is to create and thereafter produce to the Court and the Louisiana Retirees a privilege log as to incident reports that are responsive to the discovery requests made in the arbitration proceeding. The documents that are identified on the privilege log are to be provided to the Court for an *in camera* inspection.
>
>   As respects categories three and four, the Court will not order Pershing to produce documents that it attests do not exist and allowance of discovery as to category four would be unnecessarily and inappropriately intrusive upon the procedural determinations of the Arbitration Panel and its interpretation of the FINRA rules regarding Louisiana Retirees' requests for those documents.

R. Doc. No. 85, at 2.

Pershing appeals Magistrate Judge North's decision regarding the second category of documents—the one for which Magistrate Judge North ordered the creation of a privilege log and subsequent *in camera* review of the documents by the Court. Pershing argues that the order should be overturned as clearly erroneous and contrary to law. It claims the decision was erroneous both because post-arbitration discovery is rare and because, even if allowed in some circumstances, discovery should not be permitted because the requested documents are privileged.

## III.

With respect to Pershing's first point, the Court initially observes that Pershing's argument for reversal of only a portion of Magistrate Judge North's discovery order is somewhat in tension with Pershing's position that no discovery whatsoever should take place in this action. After all, irrespective of how the Court rules on Pershing's motion at least some discovery will go forward. But placing that inconsistency to the side, the Court finds that Magistrate Judge North's decision to allow some discovery is neither clearly erroneous nor contrary to law.

Discovery in the context of a motion to confirm or vacate an arbitration panel's decision is extremely limited. *See Legion Ins. Co. v. Ins. Gen. Agency, Inc.*, 822 F.2d 541, 542-544 (5th Cir. 1987). Indeed, courts have recognized that "[i]f we permit parties who lose in arbitration to freely relitigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system; dispute resolution will be slower instead of faster; and reaching a final decision will cost more instead of less." *DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1346 (10th Cir. 2009). If the record is adequate to permit the court to decide the issues presented, no discovery should take place. *See Legion Ins. Co.*, 822 F.2d at 542-544.

However, it does not follow that discovery is never permitted in proceedings to review an arbitration panel's decision. If the requested discovery is reasonable, if the requesting party provides more than "vague assertions that additional discovery will produce needed, but unspecified facts," and if the court determines that more information is needed before the court can resolve the disputed issues, discovery may go forward. *See Karaha Bodas Co.*, 364 F.3d at 304-305. The Fifth Circuit explained in *Karaha Bodas Co.*:

> In judging discovery requests in this context of an arbitration award confirmation proceeding, the court must weigh the asserted need for hitherto undisclosed information and assess the impact of granting such discovery on the arbitral process. The inquiry is an entirely practical one, and is necessarily keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicated factual questions that cannot be reliably resolved without some further disclosure.

*Id.* at 305. A district court's decision whether to allow discovery is reviewed for an abuse of discretion. *Id.* at 304.

Magistrate Judge North decided that limited discovery was warranted in this case. The part of the Magistrate Judge's order which Pershing contests only requires Pershing "to create and thereafter produce to the Court and the Louisiana Retirees a privilege log as to incident reports that are responsive to the discovery requests made in the arbitration proceedings. The documents that are identified on the privilege log are to be provided to the Court for an *in camera* inspection." R. Doc. No. 85, at 2. Accordingly, compliance with the order does not immediately reveal any documents to the Louisiana Retirees which Pershing believes to be privileged. The order is not overly broad and it does not unfairly burden Pershing. It simply affords Magistrate Judge North the information he needs to determine whether the claimed privilege applies.

Further, it is difficult for this Court to see how it will be able to decide "the specific issues raised by the party challenging the award," *see Karaha Bodas Co.*, 364 F.3d at 305, without the benefit of Magistrate Judge North's decision on the privilege issue. If the claimed privilege is denied, this Court must review the documents in order to ascertain whether such documents are pertinent and material to the controversy. If so, this Court must further determine whether the Louisiana Retirees were prejudiced by the panel's refusal to consider the evidence. *See Karaha Bodas Co.*, 364 F.3d at 300-301. This Court cannot make those determinations in a vacuum.

## IV.

With respect to Pershing's second argument for overturning the order, Pershing has not convincingly demonstrated at this stage that the SAR privilege is clearly applicable to all of the documents which were withheld from the Louisiana Retirees in the arbitration proceedings. Without getting into unnecessary detail, federal law requires banks and other financial institutions such as Pershing to report suspicious transactions to the appropriate authorities. *See* 31 U.S.C. § 5318(g). The "suspicious activity reports" or "SARs," which financial institutions must submit pursuant to the relevant statutes and regulations, are protected from disclosure. *See* 31 C.F.R. § 1023.320(e)(1)(i); *see also BizCapital Bus. & Indus. Dev. Corp. v. Comptroller of Currency of U.S.*, 467 F.3d 871, 873 n.3 (5th Cir. 2006). There is an "unqualified discovery and evidentiary privilege" against disclosure of SARs "that courts have held cannot be waived." *Whitney Nat. Bank v. Karam*, 306 F. Supp. 2d 678, 682 (S.D. Tex. 2004).

But the SAR privilege protects more than simply the SARs themselves. Courts have recognized that while the privilege "does not shield from discovery reports, memoranda, or underlying transactional documents generated by a bank's internal investigation procedures," *Wiand v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1214, 1217 (M.D. Fla. 2013), it does cover "documents related to the preparation and filing of a SAR that are not factual documents created in the ordinary course of business." *S.E.C. v. Stanford Int'l Bank, Ltd.*, No. 3:09-CV-0298-N, 2014 WL 3702558, at *5

(N.D. Tex. July 25, 2014) (Frost, M.J.).  Of course, drawing the line between these two categories of documents is not always an easy matter.

The documents Pershing seeks to withhold as privileged are "Incident Reports" which Pershing says it uses "to begin the process of internally investigating potential suspicious activity."  R. Doc. No. 89-1, at 8.  Incident Reports are prepared by employees and then provided to anti-money laundering ("AML") investigators who review them, conduct further investigation if necessary, and determine whether a SAR should be filed.  R. Doc. No. 89-1, at 8.  Because Incident Reports are related to the preparation and filing of SARs, Pershing claims they are protected by the privilege.

In response, the Louisiana Retirees provide a string of case law which distinguish between documents that reveal whether an SAR exists and documents which identify suspicious activity but do not reveal whether an SAR was filed.  *See* R. Doc. No. 94, at 4-8.  According to a number of courts, the SAR privilege does not extend to the latter category of documents because detecting fraud is simply part of a financial institution's ordinary course of business, and to hold all such documents encompassed by the SAR privilege would bar investigative documents from disclosure entirely.  *See, e.g.*, *In re JPMorgan Chase Bank, N.A.*, 799 F.3d 36, 40 (1st Cir. 2015); *United States v. LaCost*, No. 10-CR-20001, 2011 WL 1542072, at *7 (C.D. Ill. Apr. 22, 2011); *First Am. Title Ins. Co. v. Westbury Bank*, No. 12-CV-1210, 2014 WL 4267450, at *2-3 (E.D. Wis. Aug. 29, 2014) (Goodstein, M.J.).

Pershing's reply brief devotes much space to criticizing the Louisiana Retirees' briefing, and little space to challenging the case law described above. But having read the cases provided by the Louisiana Retirees, the applicability of the SAR exception to the documents described by Pershing is not as black-and-white as Pershing would have the Court believe. As such, this Court is not prepared to hold that Magistrate Judge North's decision to order the creation of a privilege log and have the documents produced for an *in camera* review was clearly erroneous or contrary to law. If Pershing is correct regarding the applicability of the SAR exception, its case should be that much clearer when Magistrate Judge North reviews the Incident Reports themselves. Having referred the parties' discovery disputes to Magistrate Judge North, this Court is not about to deny him the information he needs to adequately resolve them.

V.

For the foregoing reasons,

**IT IS ORDERED** that the motion is **DENIED**.

New Orleans, Louisiana, February 15, 2017.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**