UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERSHING LLC                                              CIVIL ACTION

VERSUS                                                    NUMBER: 14-2549

THOMAS KIEBACH, ET AL.                                    SECTION: "I"(5)

### ORDER AND REASONS

Pursuant to this Court's Order of January 4, 2017 (rec. doc. 85) and two subsequent Minute Entries dated March 6, 2017 (rec. doc. 124) and March 10, 2017 (rec. doc. 126), Pershing has (finally) produced to the Court privilege logs and associated documents for *in camera* review. Along with and as part of that production, Pershing submitted its "Brief Accompanying Incident Reports and Log for *In Camera* Review" (rec. doc. 116), in which it argues that the Incident Reports are protected from disclosure by the Suspicious Activity Report ("SAR") privilege under federal law.

The Court has reviewed multiple rounds of briefing submitted by the parties on the issue; entertained oral argument; held numerous status conferences; reviewed the statutes, regulations and case law germane to the invocation of the SAR privilege; and reviewed the subject documents *in camera* and considering all of the foregoing, concludes that some, but not all, of the previously withheld documents should be produced.

### THE PRODUCTION OF DOCUMENTS FOR *IN CAMERA* REVIEW

In an unnecessarily drawn-out saga, three separate productions of two "types" of documents have finally been accomplished. And within those productions, the Court has been provided both redacted and un-redacted documents.[1] In its first production, Pershing

---

[1] The Court notes, without taking further action, that the presentation of redacted documents to the Court for *in camera* review was inappropriate for two reasons, both of which should be obvious. First, counsel should not have unilaterally determined to redact documents without first explaining to the Court the reasoning for

provided the Court with 74 tabbed "Incident Reports," accompanied by a privilege log. Despite the fact that the discovery requests giving rise to the present motion sought documents from January 1, 2005 through the date the FINRA statement of claim – June 13, 2013 – Pershing's production inexplicably included documents *only* through February 2009. Accordingly, the Court convened a status conference and ordered Pershing to produce any additional responsive documents dated between February 17, 2009 and June 13, 2013. (Rec. doc. 124).

Following issuance of the aforementioned order, Pershing produced another set of documents, this time denominated as "Summary Reports." These 14 documents were also accompanied by a privilege log. There were two notable differences between the documents in this second production and those in the first production. First, the Summary Reports contained the same type of information as the Incident Reports, but also contained follow-up notes that were not reflected in any of the documents originally produced. Second, portions of the Summary Reports were redacted by counsel.

The Court was forced by these anomalies to convene yet another status conference, during which it ordered Pershing to: (1) produce the Summary Reports that coincided with Tabs 68-74[2] of the Incident Reports originally produced to the Court for *in* camera review and (2) produce to the Court un-redacted versions of all documents so that the Court could

---

that decision or seeking permission to do so. More substantively, as the proponent of a privilege, Pershing should have known that it has the burden of proving that privilege applies. *See Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). It is impossible for this Court (or any other) to determine whether *redacted* language is privileged. But for the fact that the SAR privilege is un-waivable, *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 166 (S.D.N.Y. 2014), the Court would have found that Pershing waived its privilege claim by undertaking those redactions.

[2] As will be explained below, the Court had already reviewed the Incident Reports originally submitted by Pershing and determined that those included in Tabs 1-67 have no relevance to the present matter.

determine whether the information redacted was actually subject to the SAR privilege.  (Rec. doc. 126).  This last ordered production was accomplished on March 14, 2017.

The Court has now reviewed and cross-referenced all of the documents produced by Pershing and is prepared to rule on their production.

## ANALYSIS AND PRODUCTION ORDER

*A.  Application of the SAR Privilege to the Documents*

The Incident Reports produced by Pershing are described by it as "document[s] at Pershing related to the *potential* filing of Suspicious Activity Reports" and that it "uses Incident Reports to *begin* its process of *internally* investigating *potential* suspicious activity. (Rec. doc. 89-1 at pp. 1, 8)(emphasis added).  Standing alone, Pershing's own description of the purpose of the documents tends to establish two important facts: First, they are clearly documents created in the ordinary course of business, albeit as an ordinary function of Pershing's "process of internally investigating potential suspicious activity."[3]  Second, the *potential* link between Incident Reports in general and the creation of an actual SAR is too tenuous to implicate the privilege, which protects documents that would reveal the existence or nonexistence of a SAR.  *See* 31 C.F.R. § 1023.320(e)(1)(i).  While it may be possible for certain Incident Reports to fall within the protection of the privilege, that would depend on what the report actually said on its face.  Here, none of the Incident Reports reviewed by the Court qualify for protection under the SAR privilege because they are devoid of any information by which the reader can determine whether the matter identified therein

---

[3] The Court also notes that the content of the documents themselves demonstrate that they are the product of routine investigation, as they include reports of such matters as customers' lost or mis-delivered credit cards, disputed credit card charges, unsigned or missing checks, ATM fraud and other rather routine concerns.

3

progressed beyond the making of the report, much less whether an actual SAR was ever created. They are not subject to the SAR privilege.

The Summary Reports are somewhat different animals, as they generally contain the same narrative information as their counterpart Incident Reports but also contain certain follow-up information. Pershing believes that some of this information *is* subject to the SAR privilege and, as a consequence, it redacted those portions it thought privileged. Now that the Court has been provided with the un-redacted language and had an opportunity to review it against the applicable law, it agrees with Pershing that the redacted language is privileged and should not be disclosed pursuant to 31 C.F.R. § 1023.320(e)(1)(i). As to the un-redacted portions of the Summary Reports produced by Pershing and reviewed *in camera*, the Court finds they are not subject to the SAR privilege.

  B. *Discoverability of Non-privileged Documents*

The mere fact that certain of the documents are not privileged does not make them discoverable in this lawsuit, which, it should be recalled, is an action to under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* to confirm the arbitration award rendered by the FINRA Dispute Resolution Panel (the "Panel") on November 3, 2014.

While discovery in an action to confirm an arbitration award is rare, it is not prohibited. This Court's decision to review the documents in the first place was based on the argument of the Defendants, Louisiana Retirees, Dr. Thomas J. Kiebach, *et al.* ("Defendants"), that the Panel deprived them of a fair hearing when it refused to conduct an *in camera* review of the documents and failed to even require the submission of a privilege log, accepting at face value Pershing's assertion of the SAR privilege. Also notable to this Court was the

subsequent decision in *Weatherly, et al. v. Pershing LLC*[4] that rejected Pershing's argument regarding the scope of the SAR privilege (the very argument that the Panel accepted in the underlying arbitration) and ordering production of documents withheld as privileged by Pershing, including some of the very documents withheld from the Panel in this case.

After closely reviewing the documents produced for *in camera* review by Pershing, the Court finds that the Incident Reports at Tabs 1-67 bear no arguable relationship to the claims or defenses in this case and are not discoverable for that reason. On the other hand, the Court finds that the **Incident Reports at Tabs 68-74** should be produced, as they are relevant to the claims and/or defenses of the Defendants in this case and are not privileged. Additionally, the **redacted version of the Summary Reports that correlate to Tabs 68-74** should be produced, as should the **redacted versions of Tabs 1-14 of the Summary Reports** produced in Pershing's third production on March 14, 2017.

The Court notes that it takes no position here on the potential admissibility of any of the documents it is ordering produced herein.

---

[4] Case No. 3:14-cv-366-NBG, United States District Court, Northern District of Texas, Dallas Division (Oct. 16, 2015).

For the reasons set forth above, Pershing shall produce the documents described above to the Defendants within seven days of the issuance of this Order.  Simultaneously with that production, Pershing shall provide the Court with a copy of the production, so that it may be compared, if necessary, against the documents reviewed by the Court.

New Orleans, Louisiana, this __24th__ day of _____March_____, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE